### W. H. TEDFORD v. F. E. SHELL.

Decided March 9, 1907.

**Appeal from Justice Court—Filing Transcript—Statute Construed.**

Where upon an appeal from the Justice to the County Court a failure to file the transcript in the County Court within the time prescribed by the statute was caused by the resignation and removal from the county of the justice who tried the case, it was error for the County Court to dismiss the appeal because of such failure. Article 1673, Revised Statutes, construed.

Appeal from the County Court of Gaines County. Tried below before Hon. A. H. Webb.

*W. T. McPherson,* for appellant.

*F. E. Shell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—F. E. Shell recovered a judgment against W. H. Tedford in the Justice's Court, precinct No. 1 of Gaines County, from which Tedford took an appeal to the County Court. On the first day of the next succeeding term of the County Court this appeal was dismissed at the instance of Shell because no transcript had been sent up by the justice of the peace, the motion to dismiss further alleging that the justice of the peace had had ample time within which to prepare and file the transcript, but instead of doing so had resigned and permanently removed from the county. This motion was resisted by Tedford, who also filed a motion for new trial, alleging that the failure to file the transcript was not due to any fault of his, and praying the court for additional time in which to have the transcript prepared and sent up, which motion was overruled, and from the judgment so rendered this appeal is prosecuted.

The court erred, we think, in dismissing the appeal and in refusing to allow appellant an opportunity to procure a transcript from the Justice's Court. The condition brought about by the resignation and removal of the justice of the peace was one over which appellant had no control and no reason is perceived why the case should not have been postponed, as requested, until a transcript could be obtained from the justice of the peace appointed, or to be appointed, to succeed the one who had resigned. We can not accept the interpretation of article 1673 of the Revised Statutes which seems to have been placed on it, that only "the justice who made the order" is authorized to make the transcript as therein provided. Mere literalism in the interpretation of statutes is a familiar vice of construction and this we think is a well defined example of it. All that the Legislature meant was that the transcript should be made by the justice of the peace of the precinct where the case was tried, and no reason is perceived why, in case of resigna-

tion, this might not be done by the succeeding justice of the peace, who would become the custodian of the docket. The next succeeding article provides that the transcript and papers, if practicable, shall be transmitted to the clerk of the County Court on or before the first day of the next term, but further provides that if there be not time to make out and transmit the same to the first term, they may be so transmitted on or before the first day of the second term, which was ample authority for the court to grant the time requested.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*